IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
BITCO GENERAL INSURANCE        *
COMPANY,                       *
                               *
        Plaintiff,              *
                               *
    v.                          *       CV 116-168
                               *
EDWARD KELLUEM, FRANK POWELL,  *
GRANGE INDEMNITY INSURANCE     *
COMPANY, GRANGE MUTUAL CASUALTY *
COMPANY, CHARLES NICHOLAS      *
BRANSON, and CALVIN "RICKY"    *
DELOACH,                       *
                               *
        Defendants.             *
```

# O R D E R

Before the Court are motions for partial summary judgment from Plaintiff BITCO General Insurance Company ("BITCO") (docs. 57, 59) and Defendants Grange Indemnity Insurance Company and Grange Mutual Casualty Company ("Grange") (doc. 60). The Clerk has given the opposing parties notice of the summary judgment motion and the summary judgment rules, of the right to file affidavits or other materials in opposition, and the consequences of default.[1] (Doc. 61.) Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th

---

[1] After all three motions had been filed, the Clerk only issued notice with respect to Grange's motion on June 13, 2017. (Doc. 61.) However, all affected parties have responded to BITCO's motions. (Docs. 81, 82, 84, 91.) Therefore, since the matters have been fully briefed, Defendants have not suffered prejudice.

Cir. 1985) (per curiam), have been satisfied. The matters have been fully briefed and are ripe for consideration.[2]

## I. BACKGROUND

On July 24, 2013, Defendant Edward Kelluem was returning to G&H Timber and Harvesting ("G&H") after unloading a shipment of timber. (Compl., Doc. 1, ¶ 52.) As Kelluem began to cross a railroad, the tractor he was driving collided with a locomotive operated by Defendants Charles Nicholas Branson and Calvin "Ricky" Deloach. (Id.) The tractor belonged to Defendant Frank Powell and was insured by Grange.[3] (Holt Decl., Doc. 57, Attach. 4, ¶ 10; Doc. 1, Attach. 3, at 2.) Powell had agreed to let G&H use the tractor to haul lumber and G&H would pay Powell according to the miles the tractor was driven and the amount of lumber hauled.[4] (Holt Decl., ¶ 10.) G&H, in turn, assigned the tractor to Kelluem. (Id.) G&H had business auto and commercial insurance policies with BITCO. (Olson Decl., Doc. 57, Ex. 7 ¶ 3.)

---

[2] Defendants Edward Kelluem and Frank Powell move for a hearing on BITCO's motion. Because the Court can resolve all pending motions without a hearing, Kelluem and Powell's motion (doc. 102) is **DENIED**.

[3] Powell applied for and purchased the policy at William J. Heffernan & Co. (Doc. 1, Attach. 3, at 2.)

[4] Although G&H used Powell's tractor, Powell was still in charge of the tractor's maintenance; its registration, taxes, and license; and where the tractor would be stored if it was not in use. (Powell Dep., Doc. 54, Attach. 1, at 18.) Additionally, there was no long-term lease so Powell was free to repurpose the tractor if he found a more lucrative opportunity. (Id. at 88.)

2

Branson and Deloach each brought a separate lawsuit against Kelluem, Powell, and G&H in Bibb and Burke County, Georgia (the "State Action"). (Doc. 57, Attach. 2, at 1; Doc. 57, Attach. 3, at 1.) Branson and Deloach claimed Kelluem negligently failed to yield at a railroad crossing and that G&H was vicariously liable for both Kelluem and Powell. (Doc. 57, Attach. 2, at 3; Doc. 57, Attach. 3, at 5.)

Grange retained counsel to defend Kelluem and Powell, and BITCO retained counsel for G&H, subject to a reservation of rights. (Compl. ¶¶ 74-75; Olson Decl., ¶ 9.) On March 31, 2015, BITCO contacted Grange requesting that Grange defend G&H and assume the associated costs but Grange refused. (Compl. ¶ 90.) On April 22, 2016, Branson's counsel contacted BITCO and claimed that Kelluem and Powell are insureds under BITCO's policy. (Doc. 82, Attach. 4, at 1.)

BITCO initiated this action seeking a declaratory judgment establishing that (a) Grange has a duty to defend and indemnify G&H in the State Action and therefore is obligated to reimburse BITCO for the costs it has incurred defending G&H thus far; and (b) BITCO has no duty to defend and indemnify Kelluem or Powell in the State Action. (Compl. ¶ 185.) Presently, Grange and BITCO have filed cross-motions for partial summary judgment on the issue of whether Grange has a duty to defend G&H and

3

reimburse BITCO. (Docs. 59, 60.) Additionally, BITCO has filed a separate motion for partial summary judgment on the issue of whether it has a duty to defend and indemnify Kelluem or Powell. (Doc. 57.)

## II. STANDARD

A motion for summary judgment will be granted if there is no disputed material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The Court must view facts in the light most favorable to the non-moving party and draw all inferences in its favor. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The movant initially bears the burden of proof and must point to evidence on file which demonstrates the absence of a disputed material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant must also show no reasonable jury could find for the non-moving party on any of the essential elements. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). If the movant carries its burden, the non-moving party must come forward with significant, probative evidence showing there is a material fact in dispute. Id. at 1116. The non-moving party cannot simply rely on its pleadings and must respond with affidavits or other forms provided by Federal Rule of Civil Procedure 56. Id. at 1116 n.3.

4

## III. DISCUSSION

A. *Grange's Duty to Defend G&H*[5]

Through its motion, Grange seeks to invoke two separate exclusions precluding coverage. Grange argues that G&H is not covered by its policy since Kelluem was using Powell's tractor as a "for hire motor carrier" and was hauling cut trees. For its part, BITCO disputes whether the exclusions Grange cites are part of its policy. Additionally, BITCO claims that the policy's exclusions do not apply.

### 1. Grange's AutoAccel Eligibility Document

Grange claims that the exclusions listed in the "AutoAccel Eligibility" document ("Eligibility Document") were included in Powell's application, which was expressly incorporated into the policy. The Eligibility Document excludes coverage for risks including "[v]ehicles hauling . . . cut trees [and] logging" and "[v]ehicles operated as a 'for hire motor carrier' that require Hired Auto Liability Coverage." (Doc. 60-2, at 66.) BITCO responds that the Eligibility Document was a guideline for Grange's agents and not part of Powell's application. A writing may be incorporated into an agreement by reference or physical

---

[5] Since the dispositive question in both Grange (doc. 60) and one of BITCO's (doc. 59) motions is whether Grange has a duty to defend G&H, the two motions will be discussed and resolved together.

5

attachment. West v. Rudd, 249 S.E.2d 76, 79 (Ga. 1978.) Although both parties frame this as a legal question, whether the Eligibility Document was attached to the application is a question of fact.

To support its motion, Grange has submitted the affidavit of Richard H. Capps, who owns William J. Heffernan & Co., Inc., where Powell purchased his insurance policy. (Capps Aff., Doc. 60-2, at 60, ¶ 2.) Capps states that the Eligibility Document was attached to the application Powell signed. (Id. at ¶ 5.) Grange has submitted evidence demonstrating the Eligibility Document was part of the application and therefore satisfied its initial burden for summary judgment. See Fitzpatrick, 2 F.3d at 1116. BITCO, on the other hand, has only put forward evidence showing that Powell did not see the Eligibility Document. (Powell Dep., at 60-62.) Because Powell does not challenge whether the Eligibility Document was part of the application, BITCO's evidence does not create a dispute over a material fact. Accordingly, Grange has demonstrated that the Eligibility Document was attached to Powell's application and is therefore incorporated into the policy.

### 2. The For Hire Motor Carrier Exclusion

BITCO maintains that the "for hire motor carrier" exclusion does not apply to Powell's tractor. Grange's policy does not define "for hire motor carrier" but Grange claims it is defined

6

according to the Georgia Motor Carriers Act (the "GMCA"). The GMCA defines motor carriers broadly to include "[e]very person owning, controlling, operating, or managing any motor vehicle . . . used in the business of transporting for hire persons, household goods, or property . . . ." O.C.G.A. § 40-1-100(12). Grange's interpretation makes other exclusions--including the ban on hauling trees--superfluous.[6] A more logical reading is that the exclusion only applies to a subset of for hire motor carriers, namely those "that require Hired Auto Liability Coverage." Neither party has addressed this clause but Grange's policy defines "Hired 'Autos'" as those the named insured "lease[s], hire[s], rent[s], or borrow[s]." (Doc. 1, Attach. 3, at 15.) Since Powell owned his tractor, it is not a hired auto. Accordingly, Powell's tractor is not a "'for hire motor carrier' that require[s] Hired Auto Liability Coverage." Thus, the "for hire motor carrier" exclusion does not preclude coverage.

### 3. The Vehicles Hauling Cut Trees Exclusion

As previously mentioned, Grange's policy excludes "[v]ehicles hauling . . . cut trees [and] logging." BITCO argues that because Kelluem unloaded his cargo before the accident, he was not hauling cut trees. Grange responds that

---

[6] Thomas v. Kumar, 525 S.E.2d 735, 736 (Ga. Ct. App. 1999) ("[Courts] are bound to give meaning to every term . . . ." (internal quotations omitted).

7

Kelluem was still hauling cut trees because he was engaged in G&H's business. In <u>Hot Shot Express, Inc. v. Assicurazioni Generali, S.P.A.</u>, 556 S.E.2d 475 (Ga. Ct. App. 2001), after making a delivery, Richard Darr was on his way to pick up another load when he was involved in an accident. <u>Id.</u> at 476. The court found that although Darr was not hauling cargo, he was still engaged in Hot Shot Express, Inc.'s business and therefore was within the scope of the insurance policy's business use exclusion. <u>Id.</u> at 478-79. Like Darr, Kelluem was on his way back to G&H to pick up another load of timber. (Kelluem Dep., at 50.) However, Grange's cut trees exclusion is much narrower than the business use exclusion in <u>Hot Shot</u>. The exclusion applies to the danger attendant to hauling cut trees, not hauling in general. This danger diminished when Kelluem unloaded his cargo. Since Kelluem was not hauling cut trees at the time of the accident, the cut trees exclusion does not preclude coverage.

### 4. Grange's Duty to Defend G&H

An insurer is required to defend an insured when the facts alleged in a complaint are within the policy's coverage. <u>See</u> <u>City of Atlanta v. St. Paul Fire & Marine Ins. Co.</u>, 498 S.E.2d 782, 784 (Ga. Ct. App. 1998). Thus, whether the insurer will ultimately be held liable is not controlling. <u>North Metro</u>

Directories Pub., LLC v. Cotton States Mut. Ins. Co., 631 S.E.2d 726, 729 (Ga. Ct. App. 2006). Grange's policy provides liability coverage to an "insured" and its definition of an "insured" includes the named insured and anyone "liable for the conduct of an insured." (Doc. 1, Attach. 3, at 16.) Branson and Deloach allege that G&H is vicariously liable for Powell. Powell is the named insured and therefore an insured under Grange's policy. Because Branson and Deloach claim that G&H is liable for the conduct of an insured, G&H is also an insured. Therefore Branson and Deloach have alleged facts that fall within Grange's policy and Grange has a duty to defend G&H in the State Action.

BITCO also seeks to recover the costs it has incurred defending G&H. When an insurer pays for an insured's defense, the insurer may recover those costs from another insurer that was primarily responsible for the insured's defense. See Aetna Cas. & Sur. Co. v. Empire Fire & Marine Ins. Co., 442 S.E.2d 778, 781 (Ga. Ct. App. 1994). Grange's policy provides that it is the primary coverage for claims dealing with the named insured's vehicle. BITCO's policy, in contrast, states that when the named insured does not own the vehicle, its coverage is "excess over any other collectible insurance." (Doc. 1, Attach. 1, at 29.) Since Deloach and Branson's actions revolve around Powell's vehicle, Grange is the primary insurer. Accordingly,

9

BITCO may seek reimbursement for the costs it has incurred defending G&H.

Although the exclusions in the Eligibility Document were part of Powell's application and expressly incorporated into the policy, those exclusions do not preclude coverage. Because Powell owned his tractor, it was not a "'for hire motor carrier' that require[s] Hired Auto Liability Coverage." Additionally, since Kelluem was not hauling trees at the time of the accident, Powell's tractor was not a "[v]ehicle[] hauling cut trees [or] logging." Upon the foregoing, BITCO's motion for summary judgment against Grange is **GRANTED**.[7]

B. *BITCO's Liability for Kelluem and Powell*

In a separate motion for summary judgment, BITCO argues that Kelluem and Powell are not insureds under BITCO's policy, and therefore it is not required to defend them. BITCO's policy provides:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" . . . .
>
> The following are "insureds": . . .
>
> a. You for any covered "auto".
>
> b. Anyone else while using with your permission a covered "auto" you own, hire or borrow . . . .

---

[7] Grange complains that BITCO has not put forward any evidence showing the costs it incurred defending G&H were reasonable. However, summary judgment may be rendered with respect to liability alone, leaving the issue of damages for subsequent determination. FED. R. CIV. P. 56(g).

10

(Doc. 1, Ex. 1, at 22.) Thus, Kelluem and Powell are only entitled to coverage if they (1) had G&H's permission and (2) Powell's tractor was one that G&H owned, hired or borrowed.

Kelluem and Powell respond that since Powell's tractor qualifies as a non-owned auto, they are entitled to liability coverage. Non-owned autos are those the named insured does not "own, lease, hire, rent or borrow that are used in connection with [the named insured's] business." (Id. at 21.) As previously discussed, Powell's tractor was destroyed while hauling lumber for G&H and therefore is a non-owned auto. Kelluem and Powell essentially argue that any operator of any covered vehicle is an insured entitled to liability coverage. This interpretation ignores the limiting language in BITCO's policy. See Thomas v. Kumar, 525 S.E.2d 735, 736 (Ga. Ct. App. 1999). "Anyone else" only qualifies as an insured when he is using a vehicle the policy holder "own[s], hire[s] or borrow[s]." Accordingly, the use of a covered, non-owned auto does not convert Kelluem and Powell into insureds.

The parties also dispute whether Powell's tractor is a hired auto under the policy. Kelluem and Powell argue that because G&H might be vicariously liable for Kelluem, Powell's tractor is a hired auto. However, whether Powell's tractor is a hired auto depends on G&H's relationship with Powell, not

11

Kelluem. In <u>Southern Gen. Ins. Co. v. Alford</u>, 507 S.E.2d 179, 180-82 (Ga. Ct. App. 1998), Don Harris lost control of a load of timber, which killed Lisa Alford. Although the tractor belonged to Harris, John McLucas owned the trailer and cargo. Alford's Estate made a claim against McLucas' auto-insurance arguing that Harris' tractor was a hired automobile. The court decided that because there was no separate hiring agreement between McLucas and Harris for Harris' tractor and Harris was an independent contractor, Harris' tractor was not a hired automobile. <u>Id.</u> In this case, neither party contends that there was a separate agreement regarding Powell's tractor. Additionally, although Powell's tractor was being used to haul G&H's lumber, G&H had little control over the tractor. Powell decided where the tractor would be housed when it was not in use; was in charge of the tractor's maintenance; and could repurpose the tractor if he found a more profitable use. (Powell Dep., at 33-34, 82-82). Like McLucas in <u>Alford</u>, Powell is more like an independent contractor than an employee. Accordingly, Powell's tractor is not a "hired auto."

Finally, Kelluem and Powell argue that the Federal Motor Carrier Act (the "FMCA") creates a question of fact as to whether Kelluem is a statutory employee of G&H.[8] However, BITCO

---

[8] While BITCO correctly points out that Kelluem and Powell's response to BITCO's motion for summary judgment is untimely, BITCO has suffered no

12

is not disputing G&H's liability. Even if it was, the FMCA does not apply to tractors transporting logs. 49 U.S.C. § 13506(a)(6); Ill. Cent. R. Co. v. Dupont, 190 F. Supp. 2d 880, 884 (M.D. La. 2001) ("[T]he transportation of logs and pulpwood is not governed by the Motor Carrier Act.").

Upon the foregoing, Kelluem and Powell are not insureds under BITCO's policy and therefore BITCO's motion for summary judgment is **GRANTED**.

## IV. CONCLUSION

Therefore, upon the foregoing, BITCO's motions for summary judgment against Kelluem, Powell, and Grange (docs. 57, 59) are **GRANTED** and Grange's motion for summary judgment against BITCO (doc. 60) is **DENIED**. Additionally, Kelluem and Powell's motion for a hearing (doc. 102) is **DENIED** and their motion for leave to file an untimely response (doc. 90) is **DENIED AS MOOT**.

**ORDER ENTERED** at Augusta, Georgia this 21ST day of December, 2017.

*[signature]*
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

prejudice and the delay will have no impact on these proceedings. Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1325 (11th Cir. 1996). Since the Court will consider Kelluem and Powell's arguments, their motion for leave to file an untimely response (doc. 90) is **DENIED AS MOOT**.